IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL BUILDERS HARDWARE MFG., INC., <br><br> Plaintiff, <br><br> v. <br><br> G. MARKS HARDWARE, INC. d/b/a MARKS HARDWARE, INC. d/b/a MARKS USA, <br><br> Defendants. | Civil Action No. _____ <br><br> PH  08 C 528 <br><br> JUDGE SHADUR <br> MAGISTRATE JUDGE MASON <br><br> JURY TRIAL DEMANDED |

**FILED**
**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Architectural Builders Hardware Mfg., Inc. for their complaint against G. MARKS HARDWARE, INC., state and allege as follows:

### INTRODUCTION

This is a patent infringement case.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Architectural Builders Hardware Mfg., Inc., ("ABH") is an Illinois corporation with its principal place of business at 1222 Ardmore Ave., Ithasca, Illinois 60143.

2. On information and belief, Defendant G. Marks Hardware, Inc. ("Marks"), doing business as Marks Hardware, Inc., and Marks USA, is a New York corporation with its principal place of business at 5300 New Horizon Blvd. Amityville, New York 11701.

3. This Court has jurisdiction over Plaintiff's patent infringement claims (Counts I-II) under 28 U.S.C. § 1338(a), in that the claims arise under the Acts of Congress relating to patents, 35 U.S.C. § 101 et seq.

4. Venue is proper in this district under the provisions of 28 U.S.C. §§ 1391 (b) and (c), and 1400(b).

## FACTS

5. ABH is a door hardware manufacturer of a wide range of products that include push/pull latches, overhead door holders and stops, electro-magnetic door holders, pivots and pivot sets, and aluminum and stainless steel continuous hinges.

6. On March 24, 1998, United States Patent No. 5,730,478, entitled *Method and Apparatus For Mounting a Push/Pull Handle On A Latch*, issued to ABH, as assignee of inventor Richard E. D'Hooge. A copy of the '478 patent is attached hereto as Exhibit A.

7. ABH has been and is still the owner of the '478 patent.

8. On March 6, 2001, United States Patent No. 6,196,599, entitled *Push/Pull Door Latch*, issued to ABH, as assignee of inventor Richard E. D'Hooge. A copy of the '599 patent is attached hereto as Exhibit B.

9. ABH has been and is still the owner of the '599 patent.

10. ABH manufactures products covered by the '478 and/or '599 patents ("the Patented Products"), which Patented Products are marked with the patent number.

11. On information and belief, Marks is a competing manufacturer of door hardware.

12. On information and belief, Marks does business in this district through a sales representative located at 2021 South Wabash, Chicago, Illinois 60616.

13. On or about February of 2006, Marks approached ABH about a possible agreement in which ABH would manufacture and supply Marks with the patented ABH 6710 Push/Pull trim.

14. On or about March of 2006, ABH provided Marks with a sample of the patented ABH 6710 Push/Pull trim.

15. On information and belief, Marks was aware that the ABH 6710 Push/Pull trim product is a Patented Product.

16. The proposed agreement was never executed by Marks.

17. On or about August of 2007, ABH learned of a Marks' Push/Pull product sold under Marks' model "Series PD" ("the Accused Product").

18. The Accused Product referred to in paragraph 17 infringes directly and/or indirectly one or more claims of the '478 patent and/or one or more claims of the '599 patent.

19. Defendants' infringement of the '478 patent and/or the '599 patent has injured ABH, and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the patents.

### COUNT I—PATENT INFRINGEMENT OF THE '478 PATENT BY MARKS

20. Plaintiff incorporates and realleges here by reference paragraphs 1 through 19.

21. Marks has made, used, sold, offered to sell, supplied, or cause to be supplied in this judicial district and elsewhere in the United States products that directly, contributorily, or by inducement infringe one or more of the claims of the '478 patent.

22. The infringement by Marks of the '478 patent injured and continues to harm Plaintiff, and will cause irreparable damage unless Marks is enjoined from infringing the patent.

### COUNT II—PATENT INFRINGEMENT OF THE '599 PATENT BY MARKS

23. Plaintiff incorporates and realleges here by reference paragraphs 1 through 22.

24. Marks has made, used, sold, offered to sell, supplied, or cause to be supplied in this judicial district and elsewhere in the United States products that directly, contributorily, or by inducement infringe one or more of the claims of the '599 patent.

25. The infringement by Marks of the '599 patent injured and continues to harm Plaintiff, and will cause irreparable damage unless Marks is enjoined from infringing the patent.

**WHEREFORE**, Architectural Builders Hardware Mfg., Inc. prays for the following judgment and relief:

a. that Marks has infringed the '478 patent and/or the '599 patent;

b. that Plaintiff is entitled to temporary and permanent injunctions barring Marks and their respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '478 patent and/or the '599 patent.

c. that Marks shall account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of the infringement of the '478 patent and/or the '599 patent;

d. that Marks shall additionally account for and pay to Plaintiff damages for the period of infringement of the '478 patent and/or the '599 patent following the period of damages established by Plaintiff at trial;

e. that Plaintiff is entitled to an award of increased damages of three times the amount of the damages found by the jury or assessed by this Court, for Marks' willful infringement, pursuant to 35 U.S.C. § 284;

f. that Plaintiff is entitled to an award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, and its costs of suit, pursuant to 35 U.S.C. 284;

g.     that Plaintiff is further entitled to interest; and,

h.     any other award or relief that the Court finds just and equitable.

**DEMAND FOR JURY TRIAL**

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Dated:  January 24, 2008

By: s/ Laura R. Wanek
Lawrence J. Crain (ARDC No. 6185248, lcrain@gbclaw.net)
Laura R. Wanek (ARDC No. 6278661, lwanek@gbclaw.net)
GREER, BURNS & CRAIN, LTD.
300 South Wacker Drive
Suite 2500
Chicago, Illinois  60606
Telephone:  (312) 360-0080

**ATTORNEYS FOR PLAINTIFF ARCHITECTURAL BUILDERS HARDWARE MFG., INC.**